# EXHIBIT B

IN THE COURT OF COMMON PLEAS
OF LANCASTER COUNTY, PENNSYLVANIA

LEO NOGA,
    Plaintiff

v.                               :CIVIL ACTION NO.CI-18-04621

FULTON FINANCIAL CORPORATION
EMPLOYEE BENEFIT PLAN and
RELIANCE STANDARD LIFE INSURANCE
COMPANY

    Defendants.

## NOTICE TO DEFEND

    You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served by entering a written appearance, personally or by attorney, and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

    YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

LAWYER REFERRAL SERVICE<br>
LANCASTER BAR ASSOCIATION<br>
28 EAST ORANGE STREET<br>
LANCASTER, PA 17602<br>
717 / 393 0737

IN THE COURT OF COMMON PLEAS
OF LANCASTER COUNTY, PENNSYLVANIA

LEO NOGA, :
    Plaintiff :
     :
    v. : CIVIL ACTION NO. CI-18-04621
     :
FULTON FINANCIAL CORPORATION :
EMPLOYEE BENEFIT PLAN and :
RELIANCE STANDARD LIFE INSURANCE :
COMPANY :
     :
    Defendants. :

## AMENDED COMPLAINT

The Plaintiff, Leo Noga, by and through his counsel Kirk L. Wolgemuth, and Wolgemuth & Levinson Law Offices file the following Amended Complaint against the Fulton Financial Corporation Employee Benefit Plan and Reliance Standard Life Insurance Company:

## THE PARTIES

1. The Plaintiff is Leo Noga, who resides at 907 Sunny Hill Lane, Harrisburg, Pennsylvania, 17111.

2. The Defendant is Fulton Financial Corporation Employee Benefit Plan whose principal office is located at One Penn Square, Lancaster, Pennsylvania, 17604.

3. Defendant Reliance Standard Life Insurance Company ("Reliance") is an insurance company that regularly conducts business in Lancaster County,

Pennsylvania and its principal address is P.O. Box 8330, Philadelphia, Pennsylvania 19101.

## JURISDICTION

4. This is a claim for long term disability benefits under the Employee Retirement Income Security Act, 29 U.S.C. §1001 et seq.

5. This court has jurisdiction of this claim under 29 U.S.C §1132(a)(1)(B) and 29 U.S.C. §1132 (e).

## FACTS

6. On or about February 28, 2015, the Plaintiff was employed by Fulton Financial Corporation as a financial planner in Lancaster, Pennsylvania.

7. Plaintiff's position is in a work environment that has continual periods of stress.

8. Plaintiff's position also requires that he be able to drive to outside locations to initiate and continue sales calling efforts.

9. As an employee benefit, Fulton sponsored a Long-Term Disability Plan ("LTD Plan") which is an employee benefit plan as defined by 29 U.S.C. §1002 (3).

10. The Fulton LTD Plan in turn purchased an insurance policy to fund the plan from Reliance Standard Life Insurance Company, who both funds the LTD Plan and pays benefits under the LTD Plan.

11. A copy of the LTD Plan is not attached because of its length.

12. Pursuant to the terms of the LTD Plan, Reliance and Fulton are fiduciaries as defined by ERISA for claims administration.

## THE LTD PLAN

13. Under the terms of the LTD Plan, total disability or totally disabled is defined as follows: "that as a result of an Injury or Sickness, during the Elimination Period and thereafter an Insured cannot perform the material duties of his/her Regular Occupation."

14. "Partially Disabled" and "Partial Disability" mean that as a result of an Injury or Sickness an Insured is capable of performing the material duties of his/her Regular Occupation on a part-time basis or some of the material duties on a full-time basis. An Insured who is Partially Disabled will be considered Totally Disabled, except during the Elimination Period.

15. The LTD Plan also provides an elimination period or benefit-waiting period of 180 days during which the participant is not eligible to receive benefits.

16. The LTD Plan provides a monthly benefit to eligible participants if they are totally disabled in the amount of 60% of the individual's monthly earnings in effect prior to the first date of disability.

17. The LTD Plan provides that the disability benefit are reduced by other income benefits including wages earned.

18. The LTD Plan also provides a procedure to appeal the denial or termination of benefits.

## PLAINTIFF'S CLAIM

19. The Plaintiff suffers from diabetic peripheral neuropathy, neurogenic muscular atrophy, diabetes, and gait disability.

20. As a result of these conditions, it is very difficult for Plaintiff to walk and he cannot drive because he has little feeling in his legs.
21. As a result of these conditions, Plaintiff became unable to perform the material duties of his job on February 28, 2015.
22. Plaintiff applied for short term disability benefits which he received.
23. Plaintiff also applied for long term disability benefits which were approved on August 20, 2015.
24. Plaintiff also applied for a waiver of premium for his life insurance which was approved on January 27, 2016.
25. This life insurance, in the amount of $172,000, will remain in effect while Plaintiff receives disability benefits.
26. An EMG performed on June 17, 2015, established a sensory-motor polyneuropathy with mixed axonal and demyelinating features along with right median neuropathy of the wrist and right ulnar neuropathy at the elbow.
27. Plaintiff's medical conditions have gotten worse since he stopped working and he is now unable to drive a vehicle because he has little feeling in his legs.
28. Notwithstanding overwhelming medical evidence that Plaintiff's condition was getting worse, Reliance scheduled an independent medical examination with Dr. John Kline on November 28, 2017.
29. Dr. Kline is known personally by the undersigned as a defense oriented physician who has performed hundreds, if not thousands, of independent medical examinations for insurance carriers.

30. Notwithstanding the medical records from Plaintiff's treating physicians that establish that Plaintiff was permanently disabled, Dr. Kline opined that the Plaintiff could perform work within a light modified capacity.

31. However, Dr. Kline also found that "Mr. Noga's production rate in performing activities that require standing and walking on a regular basis clearly would be impaired."

32. Based upon Dr. Kline's report, Reliance terminated Plaintiff's benefits on December 21, 2017, even though Dr. Kline found that the Plaintiff would be impaired from standing and walking, a requirement of Plaintiff's job as a stockbroker.

33. Plaintiff appealed the termination of benefits.

34. In support of his appeal, Plaintiff submitted a medical report form Dr. Glen Daughtry who opined that the Plaintiff is "permanently impaired and unemployable. He has difficulty walking, requiring a broad based 'waddling' to ambulate. I believe he is permanently disabled and do not forsee improvement in the future."

35. Dr. Daughtry also completed a Diabetes Mellitus Residual Functional Capacity Questionnaire which diagnosed Plaintiff suffering from fatigue, extremity pain and numbness, had difficulty walking, loss of manual dexterity, kidney problems, difficulty thinking, abdominal pain, dizziness and loss of balance, headaches and nausea.

36. Plaintiff also submitted a Medical Evaluation For Driving form requested by Dr. Daughtry on April 23, 2018 for hand controls for driving which he did not pass.

37. Plaintiff also submitted EMG testing dated March 12, 2018 which showed "electrophysiologic evidence consistent with a chronic moderate to severe axonal sensorimotor polyneuropathy with ongoing denervation. In addition, there is also evidence of myopathic process affecting the proximal muscles with active denervation."
38. The Plaintiff also submitted a medical record from Dr. Diamond that diagnosed stage 4 renal failure and a medical record from Dr. Murphy establishing that the Plaintiff has diabetic retinopathy and glaucoma.
39. During the appeal process, Reliance requested a peer review of the medical records from MES who in turn hired Dr. Jilene Brathwaite to review the medical records.
40. Dr. Brathwaite was provided a copy of Dr. Kline's IME report to review, a practice prohibited by ERISA regulations.
41. Reliance did not send a copy of the decision from the Social Security Administration to Dr. Brathwaite which found that the Plaintiff was unable to perform substantial gainful employment.
42. Dr. Brathwaite concluded that "from an Endocrinology (diabetes) perspective impairment is not supported as of 12/22/17 going forward. I defer any impairment related to neuropathy and neurogenic muscular dystrophy to the appropriate specialty."
43. Reliance also requested a peer review from MES for a physician who specialized in occupational medicine.
44. MES hired Dr.Siva Ayyar, another known defense oriented physician, to perform the file review.

45. Notwithstanding the determination from the Social Security Administration that the Plaintiff was totally disabled and the reports from Plaintiff's treating physicians that the Plaintiff was disabled, Dr. Ayyar determined that the Plaintiff could work 40 hours a week, that he could stand and walk up to 15 minutes at a time and that he should use a cane or ankle brace as needed.

46. Dr. Ayyar was provided a copy of Dr. Kline's IME report to review, a practice prohibited by ERISA regulations.

47. Reliance did not send a copy of the decision from the Social Security Administration to Dr. Ayyar which found that the Plaintiff was unable to perform substantial gainful employment.

48. Based upon the reports from Dr. Brathwaite and Dr. Ayyar, Reliance denied the appeal on May 18, 2018.

49. In supporting the denial of the appeal, Reliance also relied upon the IME report from Dr. Kline, a practice prohibited by ERISA regulations.

50. In its decision, Reliance made no attempt to explain why it had rejected the medical conclusions of Plaintiff's treating physicians which is evidence that its decisions were arbitrary and capricious.

51. Reliance made the decision to terminate benefits even though there was no evidence that Plaintiff's medical condition had improved which is evidence that its decisions were arbitrary and capricious.

52. The decision to provide Dr. Brathwaite and Dr. Ayyar with Dr. Kline's IME report violated ERISA regulations and denied the Plaintiff a fair and full review.

53. The failure to provide Dr. Brathwaite and Dr. Ayyar a copy of the Social Security decision violated ERISA regulations and denied the Plaintiff a fair and full review.

54. Reliance's decisions were unfair and biased, were arbitrary and capricious and is evidence of an unfair appeal review.

55. Reliance relied upon a medical peer review performed by Dr. Ayyar, a known defense expert, where it knows that such opinions are not found credible by the courts.

56. Reliance on such opinions is evidence that the decision is arbitrary and capricious.

57. Reliance on such evidence is evidence of an incomplete analysis or a cursory analysis of the medical records and is arbitrary and capricious.

58. Reliance's reliance on Dr. Ayyar's opinion while dismissing Dr. Daughtry's opinions, is evidence of Reliance's self-serving selection of the medical evidence and its reliance on a paper review of the medical records from a non-treating physician without an adequate explanation of the reasons why it rejected Dr. Daughtry's opinions, is evidence of bias and the lack of a fair and full review procedure.

59. Reliance failed to review the job duties of Plaintiff's position with Fulton to determine if his medical conditions would affect his ability to perform all of the responsibilities of that position, including driving to meet clients and walking to meet clients.

60. While the plan indicates that Reliance has discretion in determining eligibility for benefits, there is no provision in the plan allowing the plan administer to delegate this fiduciary duty to Reliance so the standard of review is de novo.

## COUNT I

### CLAIM FOR DISABILITY BENEFITS UNDER 29 U.S.C. §1132(a)(1)(B)

61. The Plaintiff incorporates paragraphs 1 through 60 as if set forth in full.

62. The Plaintiff has exhausted his administrative remedies with respect to his claim for long-term disability benefits.

63. Reliance's decisions to terminate benefits are arbitrary and capricious and in violation of his right to receive benefits under ERISA.

64. The Plaintiff is entitled to de novo review of the decision to terminate his benefits.

65. The Plaintiff is entitled to back disability benefits and an order requiring Reliance to continue to pay benefits pursuant to the terms of the LTD Plan, interest, costs and attorneys fees under ERISA.

66. The Plaintiff is also entitled to have his life insurance reinstated along with the waiver of premium.

WHEREFORE, the Plaintiff requests that judgment be entered against the Defendant awarding him the LTD benefits that he is entitled to, requiring Defendant to pay ongoing benefits and awarding costs, life insurance benefits, interest and attorneys fees.

Respectfully submitted,

Wolgemuth & Levinson, Law Offices

Dated: August 6, 2018      By: _____
Kirk L. Wolgemuth, Esquire
Attorney I.D. #45792
PO Box 10305
Lancaster, PA 17605
kwolgemuth@palawyers1.com
(717) 392-0389

## VERIFICATION

I, Leo Noga, verify that the facts set forth in this Amended Complaint are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa. C. S. A. Section 4904 relating to unsworn falsification to authorities.

Date: August 2, 2018

_____
Leo Noga